UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DELBERT WAYNE HARGIS, JR.,

                    Plaintiff,

v.                                                  5:22-CV-0132
                                                  (GTS/ML)
EUGENE RENZI,
                    Defendant.
_____

APPEARANCES:                                                  OF COUNSEL:

PRO SE LITIGANT DELBERT WAYNE HARGIS, JR.
  Plaintiff, *Pro Se*
1502 S. Salisbury Ave.
Spencer, NC 28159

HON. LETITIA A. JAMES                              STACEY A. HAMILTON, ESQ.
NEW YORK STATE ATTORNEY GENERAL      Assistant Attorney General
  Counsel for the Defendant
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Delbert Hargis Jr. ("Plaintiff") against Judge Eugene Renzi ("Defendant"), is Defendant's motion to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction and/or failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Dkt. No. 15.) For the reasons set forth below, Defendant's motion is granted.

**I.  RELEVANT BACKGROUND**

### A. Plaintiff's Complaint

Generally, in his Complaint, Plaintiff claims that Defendant violated his parental rights, his right to equal protection under the law, and his right to due process under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983 when he took actions against Plaintiff as a judge in the Family Court of Jefferson Country." (Dkt. No. 1.) In support of these claims, Plaintiff alleges as follows. Judge Renzi presided over Plaintiff's Jefferson County Family Court matter in 2021 concerning the visitation and custody rights for his daughter. (*Id.*) During these proceedings, Judge Renzi "reinforced the amended order of the visitation to an aunt." (*Id.*) When Plaintiff refused to turn over his daughter to her aunt, as directed by the Court, law enforcement became involved, resulting in Plaintiff spending fifteen days in jail. (*Id.*) Judge Renzi is not entitled to judicial immunity (Plaintiff argues) because his unconstitutional decision to award visitation and eventually full custody to a "biological stranger" (the child's maternal Aunt) was beyond the scope of both his jurisdiction and his discretion as a judge and was a corrupt and malicious abuse of power for which he should be held civilly liable. (*Id.*) Finally, Plaintiff alleges that he has exhausted his remedies for appeal through the New York State judicial system. (*Id.*)

### B. Parties' Briefing on Defendant's Motion

#### 1. Defendant's Memorandum of Law

Generally, in his motion to dismiss Plaintiff's Complaint, Defendant asserts three arguments: (1) the Court lacks subject-matter jurisdiction over Plaintiff's claims pursuant to the domestic-relations exception; (2) even if the Court possesses subject-matter jurisdiction over Plaintiff's claims, Plaintiff has failed to allege facts plausibly suggesting that a violation of state

law occurred; and (3) in any event, based on the factual allegations of the Complaint, Defendant is protected from liability under the doctrine of judicial immunity. (Dkt. No. 15.)

### 2. Plaintiff's Opposition Memorandum of Law

Generally, in opposition to Defendant's motion, Plaintiff asserts two arguments: (1) to decide this case, the Court need not review any Family Court documentation but only decide whether granting visitation and custody to the child's maternal aunt is constitutional; and (2) this decision is easy to make because, in his memorandum of law in support of his motion to dismiss, Defendant admits to violating Plaintiff's constitutional rights. (Dkt. No. 19.)

## II. ANALYSIS

### A. Whether the Court Has Subject-Matter Jurisdiction Over Plaintiff's Claims

After carefully considering the matter, the Court answers the question in the negative for the reasons stated in Defendant's opposition memorandum of law. *See, supra,* Part I.B.1. of this Decision and Order. To those reasons, the Court adds the following analysis.

It is well-settled law that federal courts are not to intrude on the States' jurisdiction over domestic relations. This strong deference to the states on domestic relations of husband, wife, parent, and child is recognized as the "domestic relations exception" that removes jurisdiction from federal courts as to decrees regarding alimony, divorce, and child custody. *Ashmore v. New York*, 12-CV-3032, 2012 WL 2377403, at *1 (E.D.N.Y. June 25, 2012); *In re Burrus*, 136 U.S. 586, 593-94 (1890). Here, plaintiff's claims are inextricably intertwined with the state custody agreement issued by Judge Renzi and therefore are barred from consideration by this Court by the domestic relations exception. *Palaniappan v. Angamuthu*, 07-CV-0176, 2007 WL 2973582,

*2 (W.D.N.Y. Oct. 4, 2007); *McArthur v. Bell*, 788 F. Supp. 706, 709 (E.D.N.Y. 1992) (dismissing a 42 U.S.C. §1983 action for lack of subject-matter jurisdiction even when the plaintiff did not request an alteration to the state court's child support determination).  In such cases, a decision on a plaintiff's constitutional allegation would require the court to re-examine the evidence that was before the state family court. *Neustein v. Orbach*, 732 F. Supp. 333, 339 (E.D.N.Y. 1990).

A federal district court is not an appeals court for domestic relations matters.  Plaintiff has not established that a constitutional claim exists outside of the matter that was considered by Judge Renzi.  Plaintiff's right to appeal the visitation and custody orders issued by Judge Renzi resides in the appellate courts of New York State, not the federal judiciary.

**B. Whether Plaintiff Failed to State a Claim for Which Relief Can Be Granted**

After carefully considering the matter, the Court answers the question in the affirmative for the reasons stated in Defendant's opposition memorandum of law. *See, supra,* Part I.B.1. of this Decision and Order. To those reasons, the Court adds the following analysis.

Plaintiff asserts a claim under 42 U.S.C. § 1983.  To successfully do so, a plaintiff must allege facts plausibly suggesting that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Eccleston v. Pine Bush Cent. Sch. Dist.,* 12-CV-2303, 2013 U.S. Dist. LEXIS 207891, at *2 (S.D.N.Y. 2013).  To survive a motion to dismiss, plaintiff must allege sufficient facts that, if taken as true, would result in claim for which relief can be granted.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007);

*Eccleston*, 2013 U.S. Dist. LEXIS 207891, at *2.

Here, it is far from clear that a violation of state law occurred. Although relatively rare, there is precedent for courts to issue visitation and custody to non-parents. *See, e.g., Haims v. Lehmann*, 171 A.D.3d 1176 (N.Y. App. Div., 2d Dept, 2019) (awarding sole physical custody of child to an aunt). The fact that Judge Renzi granted custody to the child's maternal aunt is not a per se violation of state law or Plaintiff's rights under the U.S. Constitution.

It is not the purview of this Court to delve into the specifics of a domestic relation matter and review the decision of Judge Renzi or the evidence that brough about his decision. Even if the Court accepted as true that Judge Renzi violated state law (which it appears he did not), the claim would still not be actionable. It is settled law that "a state employee's failure to conform to state law does not in itself violate the Constitution and is not alone actionable under § 1983." *Patterson v. Coughlin*, 761 F.2d 886, 891 (2d Cir. 1985).

**C. Whether the Doctrine of Judicial Immunity Protects Judge Renzi from Liability**

After carefully considering the matter, the Court answers the question in the affirmative for the reasons stated in Defendant's opposition memorandum of law. *See, supra,* Part I.B.1. of this Decision and Order. To those reasons, the Court adds the following analysis.

Judges generally have absolute immunity from claims for damages stemming from their judicial decisions. *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir.2009). Judicial immunity is necessary to ensure that judges are free to act upon their own convictions, without apprehension of personal consequences to themselves. *Bliven,* 579 F.3d at 209; *Bradley v. Fisher,* 80 U.S. 335, 347 (1871). Even allegations of bad faith or malice do not overcome the doctrine of judicial immunity. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Tucker v. Outwater*, 118 F.3d 930, 932 (2d

5

Cir. 2009). Judges are not immune from liability for actions taken outside of their judicial capacity. *Mireles v. Waco,* 502 U.S. 9, 11 (1991). The factors to consider in deciding whether an act by a judge is outside the scope of his judicial authority "relate to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman,* 435 U.S. 349, 362 (1978); *Bliven,* 579 F.3d at 209-10. In employing this functional analysis, the Supreme Court has generally concluded that acts arising out of, or related to, individual cases before a judge are considered judicial in nature. *Bliven*, 579 F.3d at 210.

Here, Plaintiff's visitation and custody matter that went before Judge Renzi is squarely within the definition of a judicial action as it was a matter over which Judge Renzi presided as a judicial officer, and therefore he cannot be held liable for the results. Family Court matters are often some of the most emotional, sensitive, and heartbreaking cases because they deal with issues that cut to the core of our humanity and impact our families. These cases are often very difficult on the parties, as well as the judicial officers presiding. It is for this very reason that the doctrine of judicial immunity is so important. We need to protect the independence of our judicial officers to make the tough calls during the most difficult cases.[1]

---

[1] Plaintiff offered an additional argument that Defendant admitted to his unconstitutional conduct in his memorandum of law supporting his motion to dismiss. Plaintiff misunderstood Defendant's memorandum of law. Defendant was arguing that even if all statements of fact made by Plaintiff were in fact true, Plaintiff still would not have a viable claim for the reasons stated by Defendant. This was not an admission by Defendant, but rather a legal argument.

**ACCORDINGLY,** it is

**ORDERED** that Defendant's motion to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction and/or failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Dkt. No. 15) is **GRANTED**.

Dated: February 27, 2022
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge